[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re Application of Baldwin,* Slip Opinion No. 2018-Ohio-4077.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-4077

IN RE APPLICATION OF BALDWIN.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re Application of Baldwin,* Slip Opinion No. 2018-Ohio-4077.]

*Attorneys—Character and fitness—Lack of candor during admissions process—Pending application to take bar exam disapproved—Reapplication permitted, for February 2021 or later bar exam.*

(No. 2018-0495—Submitted May 22, 2018—Decided October 11, 2018.)

ON REPORT by the Board of Commissioners on Character and Fitness of the Supreme Court, No. 690.

_____

**Per Curiam.**

{¶ 1} Applicant, LaKia Nikole Baldwin, of Acworth, Georgia, is a 2017 graduate of Capital University Law School. In November 2015, she applied to register as a candidate for admission to the practice of law in Ohio, and she later submitted applications to register as a candidate for the July 2017 and February 2018 bar exams.

**{¶ 2}** Baldwin was interviewed by a two-member panel of the Columbus Bar Association ("CBA") admissions committee—first in June 2016 and again in May 2017 after the Board of Commissioners on Character and Fitness learned that she had been sanctioned for a violation of her law school's honor code. Each time, the committee recommended that her character and fitness be approved. The board, however, exercised its authority to investigate her application sua sponte. *See* Gov.Bar R. I(10)(B)(2)(e).

**{¶ 3}** A panel of the board conducted hearings on November 30, 2017, and January 5, 2018. Based on findings that Baldwin had violated her law school's honor code and lied about it throughout the school's investigation and her character-and-fitness proceedings, the panel recommended that we disapprove Baldwin's pending applications but that we permit her to reapply as a candidate for the February 2021 bar exam. The board adopted the panel's report and recommendation, and no objections have been filed.

**{¶ 4}** We adopt the board's findings of fact and disapprove Baldwin's pending applications. We will permit her to reapply as a candidate for the February 2021 or a later bar exam.

### Findings and Recommendation of the Panel and Board

**{¶ 5}** During the summer of 2016, Baldwin enrolled in a week-long adoption-law course that culminated in a take-home final exam. Although the exam was open-book, students were not permitted to work together or share information while completing the exam. During the last day of the exam, Baldwin shared her answers to at least three essay questions at the request of another student, Launica Elizabeth Jones, whose computer failed just before the exam deadline.

**{¶ 6}** Based on similarities between the answers provided by Baldwin and by Jones, the law school commenced an honor-code investigation. Before participating in the investigation, Baldwin and Jones agreed that they would deny that they had cheated or engaged in any honor-code violation. Baldwin lied about

her conduct during an informal interview with a law-school professor and before the school's full honor-code committee, claiming that any similarity in the exam answers occurred because she and Jones had exchanged class notes before the exam. The committee found that both Baldwin and Jones had violated the school's honor code, and Baldwin unsuccessfully appealed the committee's decision both on the merits and on procedural grounds.

{¶ 7} After Baldwin's honor-code violation was reported to the Office of Bar Admissions, a second two-member panel of the CBA admissions committee interviewed Baldwin in May 2017. Baldwin continued to lie about her conduct. She also presented her interviewers with a signed, written statement in which she denied that she had violated the honor code and claimed that the exam answers were similar because she and Jones "engaged in the copy and paste function from identical [P]ower [P]oints and notes"—even though she and Jones had previously stated that they had not copied and pasted answers.

{¶ 8} At Baldwin's character-and-fitness hearings in November 2017 and January 2018, she finally admitted that she had knowingly violated the law school's honor code and repeatedly lied about her conduct throughout the school's investigation and the bar-application process. But when confronted with Jones's testimony that Baldwin had requested and received information about another exam question before Jones experienced computer problems, Baldwin adamantly denied that she had done so. Baldwin later equivocated, claiming that she did not remember the events as Jones had described them, but the panel was not convinced that Baldwin was telling the truth.

{¶ 9} Because Baldwin not only cheated on a law-school exam but also engaged in a considered effort to deceive both the law school and this court over an extended period of time, the panel determined that she failed to carry her burden of proving that she currently possesses the requisite character, fitness, and moral qualifications to practice law in this state. The board therefore recommends that

Baldwin's pending applications be disapproved and that she be permitted to reapply as a candidate for the February 2021 bar exam.

**Disposition**

{¶ 10} An applicant to the Ohio bar must prove by clear and convincing evidence that he or she "possesses the requisite character, fitness, and moral qualifications for admission to the practice of law." Gov.Bar R. I(11)(D)(1). The applicant's record must justify "the trust of clients, adversaries, courts, and others with respect to the professional duties owed to them." Gov.Bar R. I(11)(D)(3). "A record manifesting a significant deficiency in the honesty, trustworthiness, diligence, or reliability of an applicant may constitute a basis for disapproval of the applicant." *Id.*

{¶ 11} Here, the board's findings demonstrate that Baldwin not only committed an honor-code violation during her final year of law school, but she also made false and deceptive statements throughout the school's honor code investigation and her character-and-fitness proceedings. *See* Gov.Bar R. I(11)(D)(3)(d), (h), and (i). Given the recency of Baldwin's conduct and her disturbing lack of candor in the subsequent investigation and proceedings, we agree with the board that she has failed to carry her burden of proving by clear and convincing evidence that she possesses the requisite character, fitness, and moral qualifications for admission to the bar at this time.

{¶ 12} We therefore disapprove Baldwin's pending applications, and in accord with the board's recommendation, we will permit her to reapply for the February 2021 or a later bar exam by filing new applications to register as a candidate for admission to the practice of law and to take the bar exam. Upon reapplication, she will be required to undergo a complete character-and-fitness investigation, including an investigation and report by the National Conference of Bar Examiners, and demonstrate that she possesses the requisite character, fitness, and moral qualifications for admission to the practice of law in Ohio.

Judgment accordingly.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, FISCHER, DEWINE, and DEGENARO, JJ., concur.

_____

LaKia Nikole Baldwin, pro se.

Bloomfield & Kempf, L.L.C., and David S. Bloomfield, for the Columbus Bar Association.

_____